

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LINO ARAUJO | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:19cv91 HSO-JCG |
| LA JOYA TRUCKING, LUCIO AGUILERA MEDINA | DEFENDANTS |

### NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants, La Joya Trucking, LLC ("La Joya"), and Lucio Medina ("Medina") (collectively "Defendants"), through counsel, have removed Civil Action No. A-2401-19-7 filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Civil Action Removed

1.     On January 10, 2019, Plaintiff Lino Araujo ("Plaintiff") filed a Complaint in state court against Defendants as a result of a motor-vehicle accident that occurred on or about July 30, 2016, in Gulfport, Harrison County, Mississippi. This state-court action is styled, *Lino Araujo v. La Joya Trucking, Lucio Aguilera Medina*, and is filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, bearing Civil Action No. A-2401-19-7. Pursuant to 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of state-court proceedings is attached hereto as **Exhibit A**.

## II. Timeliness of Removal

2.      Both La Joya and Medina were served with the Summons and Complaint on February 12, 2019. Since this Notice is being filed within thirty days after Defendants were served with process, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

## III. Complete Diversity of Parties

3.      According to his Complaint, Plaintiff is a resident of Raceland, Louisiana. Compl. (**Ex. A**) at 1. La Joya is a Texas limited liability company, and its sole member is Nicandro Garcia, an adult resident citizen of Texas. In addition, Medina is an adult resident citizen of Texas. Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

## IV. Amount in Controversy Exceeds $75,000

4.      In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are likely to be above $ 75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $ 75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id.* (citing *Allen*, 63 F.3d at 1335).

5.      In the Complaint, Plaintiff alleges physical pain and suffering, past and future medical expenses, past and future disability, mental anguish and emotional distress, loss of the

enjoyment of life, loss of wages and/or earning capacity, loss of use, and property damage and related expenses as a result of the subject accident. Compl. (**Ex. A**) ¶ 5.

6. Plaintiff's alleged damages make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 U.S. Dist. LEXIS 158890, at *3-4 (S.D. Miss. Nov. 10, 2014) (facially apparent that plaintiffs' claims were likely to exceed $75,000 where they alleged severe and permanent physical injuries, mental anguish, anxiety, pain and suffering, disability, disfigurement, loss of wages and wage-earning capacity, past and future medical expenses, and loss of consortium); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

7. In addition, Plaintiff seeks to recover punitive damages in the Complaint. Compl. (**Ex. A**) ¶ 5. Plaintiff's claim for punitive damages further establishes that the amount in controversy exceeds $75,000. *See Haney v. Cont'l Cas. Co.*, No. 3:08CV482 DPJ-JCS, 2008 U.S.

3

Dist. LEXIS 102104, at *4 (S.D. Miss. Dec. 2, 2008) ("[F]ederal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount." (citations omitted)); *Montgomery v. First Family Fin. Servs.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion . . . that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $ 75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages . . . ."); *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp. 2d 423, 428 (N.D. Miss. 1998) (concluding that plaintiff's punitive-damages claim alone made it facially apparent that the amount in controversy exceeded the jurisdictional amount).

8.   Pursuant to the foregoing authorities, it is facially apparent from the Complaint that the amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction in accordance with 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

### V. Venue

9.   Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Harrison County, Mississippi, First Judicial District.

### VI. Notice to State Court

10.   Defendants will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Harrison County, Mississippi, First Judicial District, and effect removal to this Court. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

### VII. Notice to Plaintiff

11.   Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. Conclusion

12. For the previous reasons, Defendants request that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Harrison County, Mississippi, First Judicial District, not proceed any further in this action unless and until it is remanded.

Dated: February 21, 2019.

                Respectfully submitted,

                **La Joya Trucking, LLC, and Lucio Medina, Defendants**

By: _____
       John B. MacNeill (MSB #1811)
       C. Landon Kidd (MSB #104521)
       *Attorneys for Defendants*

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 100
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmacneill@cctb.com
lkidd@cctb.com

## CERTIFICATE OF SERVICE

I, John B. MacNeill/C. Landon Kidd, certify that I served a true and correct copy of the previous document, via electronic mail, to the following:

David Pitre, Esq.
1303 Spring Street
Gulfport, Mississippi 39507
david@spflawyers.com
*Attorney for Plaintiff*

Dated: February 21, 2019.

                                                John B. MacNeill
                                                C. Landon Kidd